UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA WALL,<br><br>            Plaintiff,<br><br>   v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01490-KES-CDB<br><br>ORDER ON STIPULATION EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT<br><br>(Doc. 9)<br><br>ORDER VACATING MARCH 11, 2025, SCHEDULING CONFERENCE |

**Relevant Background**

On October 25, 2024, Plaintiff Nina Wall ("Plaintiff") initiated this action with the filing of a complaint on behalf of herself and a putative class of others against Defendant Omni Family Health ("Defendant") in the Superior Court of the State of California, Kern County, entitled *Nina Wall v. Omni Family Health*, Case No. BCV-24-103682. (Doc. 1). On December 6, 2024, Defendant removed the action to this Court. (*Id.*). On December 10, 2024, the parties stipulated pursuant to Local Rule 144(a) to extend by 28 days the time for Defendant to respond to the complaint, up to and including January 10, 2025. (Doc. 5). On January 8, 2025, Defendant filed the Notice of Related Cases and identified as related several actions, including at the time 13 cases before this Court, eight cases before the Kern County Superior Court, and one case before

the Fresno County Superior Court.[1]  (Doc. 8 at 1-3).  Defendant therein advised it intends to remove all the state actions pending in the Superior Courts of California pursuant to 28 U.S.C. § 1446(b). (*Id.* at 3).  Defendant attests that it has either been served or waived service in all the cases identified aside from three of the state actions.  (*Id.*).

This action is one of several similar class action suits brought in or removed to this Court in which plaintiffs assert similar claims against Defendant.  *See*, *e.g.*, *Gober Villatoro Guerra v. Omni Family Health*, Case No. 1:24-cv-01492-JLT-CDB ("*Guerra*") (Doc. 6).  In *Guerra*, the Court noted the class action complaints here and the other Omni actions allege substantially similar facts and nearly identical causes of action against Defendant.  (*Id.* at 1-2) ("From review of the several complaints, it appears these actions arise from a recent, alleged cyberattack resulting in a data breach of sensitive information in the possession and custody and/or control of Defendant (the 'Data Breach').").

The Court ordered Defendant to file a Notice of Related Cases in accordance with Local Rule 123(b) in *Guerra* and the identified Omni actions therein, including the instant action.  (*Id.* at 3).  The Court further ordered the parties in *Guerra* to show cause why this action should or should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a).  (*Id.*).  On December 27, 2024, Defendant filed the Notice of Related Cases and identified as related, *inter alia*, the instant action.  (*Guerra*, Doc. 8); *see* (Doc. 8).  On December 30, 2024, the parties in *Guerra* filed a joint status report in response to the Court's show cause order.  (*Guerra*, Doc. 9).  Therein, Defendant represents it intends to file a motion to substitute the United States in the matter and all other related Omni matters.  (*Id.* at 1).

The *Guerra* parties represent that they will file in the first filed of the Omni federal actions – *Ellen Pace v. Omni Family Health*, Case No. 1:24-cv-01277-JLT-CDB – a joint stipulation and proposed order consolidating and staying the Omni actions pending resolution of the earlier of Defendant's forthcoming motion to substitute or motions to remand in *Abraham,*

---

[1] The Court notes two of the identified Omni actions were voluntarily dismissed.  *See Brandon Cubit v. Omni Family Health*, No. 1:24-cv-01491-KES-CDB (Doc. 5) & *Katarina Hernandez individually and as next friend on behalf of S.A. (minor) v. Omni Family Health*, Superior Court of the State of California, County of Kern, Case No. BCV-24-103697 (dismissed on Dec. 23, 2024).

*et al. v. Omni Family Health*, Case No. 1:24-cv-01456-CDB ("*Abraham*") (*Abraham*, Doc. 7) as well as *Scott Stevenson and Marcos Mantoya v. Omni Family Health*, No. 1:24-cv-01459-CDB ("*Stevenson*") (*Stevenson*, Doc. 11). (*Id.* at 2).

**Pending Stipulated Request**

Pending before the Court is the parties' stipulated request to extend by 30 additional days the time for Defendant to respond to the complaint, through and including February 10, 2025, filed on January 8, 2025. (Doc. 9). The parties represent the requested extension will allow time for: (a) other federal court actions filed against Defendant to be consolidated; (b) the Court to rule upon Defendant's forthcoming motion to substitute the United States in this case as a defendant pursuant to the Federal Tort Claims Act, 42 U.S.C. § 233; and (c) the Court to rule upon the pending motions to remand. (Doc. 9 at 2). The parties represent that good cause exists to grant the requested extension in the efficiencies from allowing consolidation to occur and ruling on the pending motions to substitute and to remand. (*Id.*).

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED:

1. Defendant shall have until **February 10, 2025**, to respond to the complaint by filing an answer or other responsive pleading. *See* Local Rule 144(a); and

2. The scheduling conference set for March 11, 2025 (Doc. 4) is VACATED to be reset as necessary following ruling on the pending motions to remand in *Stevenson* and *Abraham* and resolution of the issue of consolidation.

IT IS SO ORDERED.

Dated: **January 10, 2025**    _____
UNITED STATES MAGISTRATE JUDGE